Mr. Stephen W. Butler Attorney at Law P.O. Box 86 4th and Poplar Rogers, Arkansas 72757-0086
Dear Mr. Butler:
This is in response to your request, received by this office on April 9, 1991, for certification of the following popular name and ballot title pursuant to Arkansas Code of 1987 Annotated §7-9-107:
(Popular Name)
 TAX IMPOSED UNDER THE ARKANSAS GROSS RECEIPTS TAX ACT AND THE ARKANSAS COMPENSATING TAX ACT ON ALL USED MOTORS VEHICLES, TRAILERS, MOBILE HOMES, AND AIRPLANES.
(Ballot Title)
 THE LEVY OF AN ADDITIONAL EXCISE TAX OF 1/2 OF 1% UNDER THE ARKANSAS GROSS RECEIPTS TAX ACT AND THE ARKANSAS COMPENSATING TAX ACT; TO IMPOSE ARKANSAS GROSS RECEIPTS AND COMPENSATING TAX ON ALL USED MOTOR VEHICLES, TRAILERS, MOBILE HOMES, AND AIRPLANES; TO ALLOW A CREDIT FOR A TRADE IN VALUE ON USED MOTOR VEHICLES, TRAILERS, SEMI-TRAILERS, MOBILE HOMES AND AIRPLANES; TO IMPOSE CRIMINAL PENALTIES ON PERSONS WHO ASSIST TAXPAYERS IN EVADING PAYMENT OF TAX; TO IMPOSE A PENALTY EQUAL TO THE AMOUNT OF TAX EVADED ON ANY PERSON WHO ASSISTS A TAXPAYER IN EVADING OR DEFEATING THE PAYMENT OF TAX: TO PROVIDE FOR PROSECUTION OF TAX OFFENSES IN PULASKI COUNTY; AND FOR OTHER PURPOSES.
The above popular name and ballot title reflect a referendum on Act 3 of 1991. It is submitted in connection with a petition for referendum pursuant to Amendment 7 to the Arkansas Constitution.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed referendum.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418, S.W.2d (1990), citing Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403
(1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen,303 Ark. 482, S.W.2d (1990) citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the act being referred:
(Popular Name)
 ARKANSAS GROSS RECEIPTS TAX AND COMPENSATING TAX ACT AMENDMENTS, THE SAME BEING ACT 3 OF 1991.
(Ballot Title)
 AN ACT TO LEVY AN ADDITIONAL GROSS RECEIPTS TAX OF 1/2 of 1 PERCENT (1/2%) ON ALL SALES SUBJECT TO THE ARKANSAS GROSS RECEIPTS ACT, ALLOWING A DEDUCTION FOR BAD DEBTS FROM SALES OF TANGIBLE PERSONAL PROPERTY; TO LEVY AN ADDITIONAL 1/2 OF 1 PERCENT (1/2%) USE TAX ON ALL TANGIBLE PERSONAL PROPERTY SUBJECT TO THE ARKANSAS COMPENSATING TAX ACT; TO REQUIRE SELLERS OF NEW OR USED HOUSE TRAILERS, MOBILE HOMES OR AIRCRAFT TO HOLD A PERMIT AND REPORT SALES AND TAX INFORMATION TO THE DEPARTMENT OF FINANCE AND ADMINISTRATION (DFA); TO PROVIDE FOR THE PAYMENT OF TAX ON THE DIFFERENCE BETWEEN THE TOTAL CONSIDERATION FOR A NEW OR USED HOUSE TRAILER, MOBILE HOME, AIRCRAFT, MOTOR VEHICLE, TRAILER OR SEMI-TRAILER, AND THE CREDIT FOR A USED ONE TAKEN IN TRADE, UNLESS THE SALE IS FOR LESS THAN $2,000 IN WHICH CASE NO TAX IS DUE; TO PROVIDE PENALTIES FOR MOBILE HOME OR HOUSE TRAILER PERMITTEES WHO ATTEMPT TO EVADE THE ACT; TO EXCLUDE FROM THE GROSS RECEIPTS TAX THE SALES OF AIRCRAFT MANUFACTURED IN THE STATE AND SOLD FOR USE EXCLUSIVELY OUTSIDE THE STATE; TO REQUIRE THE CONSUMER TO PAY TO DFA THE GROSS RECEIPTS TAXES ON NEW AND USED MOTOR VEHICLES, TRAILERS, AND SEMI-TRAILERS PRIOR TO LICENSURE; TO PROVIDE A CREDIT FOR TAXES PAID ON DEFECTIVE VEHICLES IN CERTAIN INSTANCES; TO REQUIRE USED CAR DEALERS TO REPORT AS A SALE ALL PARTS WITHDRAWN OR USED FOR REBUILDING AUTOMOBILES, UNLESS THE DEALER IS NOT SELLING PARTS IN CONNECTION WITH THE SALE OF USED CARS, IN WHICH CASE THE TAX SHALL BE PAID TO THE SELLER AT THE TIME OF PURCHASE; TO PROVIDE THAT NO CREDIT SHALL BE ALLOWED FOR SALES OR USE TAXES PAID TO ANOTHER STATE WITH RESPECT TO MOTOR VEHICLES, TRAILERS OR SEMI-TRAILERS PURCHASED ON OR AFTER NOVEMBER 3, 1989 AND FIRST REGISTERED IN ARKANSAS; TO IMPOSE USE TAXES ON ALL NEW AND USED MOTOR VEHICLES, TRAILERS AND SEMI-TRAILERS REQUIRED TO BE LICENSED IN THIS STATE, EXCEPT THOSE VEHICLES REGISTERED BY NONRESIDENTS OF THE STATE, AND TO REQUIRE PAYMENT OF SUCH TAXES TO THE DIRECTOR OF DFA BY THE PERSON APPLYING TO REGISTER THE VEHICLE; TO PROVIDE FOR PAYMENT OF USE TAXES ON THE NET DIFFERENCE ON TRADE-INS, UNLESS THE TOTAL CONSIDERATION IS LESS THAN $2,000 IN WHICH CASE NO TAX IS DUE; TO AUTHORIZE THE DIRECTOR OF DFA TO ADOPT AN ALTERNATIVE METHOD FOR DETERMINING THE TOTAL CONSIDERATION FOR THE SALE OF NEW OR USED HOUSE TRAILERS, MOBILE HOMES, AIRCRAFT, MOTOR VEHICLES, TRAILERS OR SEMI-TRAILERS, WHICH VALUE SHALL APPLY UNLESS THE TAXPAYER PROVIDES EVIDENCE OF A LESSER VALUE; TO MAKE IT A FELONY TO WILLFULLY ATTEMPT TO EVADE OR WILLFULLY ASSIST ANOTHER IN EVADING STATE TAXES, PENALTIES, OR INTEREST; TO IMPOSE A PENALTY FOR PERSONS ASSISTING TAXPAYERS EVADING TAXES; TO PROVIDE VENUE IN SUCH ACTIONS; TO PROVIDE, IN CITIES THAT ARE DIVIDED BY A STATE LINE FROM A LARGER CITY IN AN ADJOINING STATE, FOR A SELECTIVE SALES TAX WHICH IS IDENTICAL TO THE TAX IN THE CITY IN THE ADJOINING STATE, NOT TO EXCEED 4 1/2% OR 5 1/2% IF THE ARKANSAS BORDER CITY HAS VOTED TO LEVY AN ADDITIONAL 1% GROSS RECEIPTS TAX IN LIEN OF AN INCOME TAX; AND TO PROVIDE THAT THIS ACT DOES NOT REPEAL ANY EXEMPTION IN THE ARKANSAS GROSS RECEIPTS OR COMPENSATING TAX ACT; ALL OF THE FOREGOING BEING ACT 3 OF 1991, AS ENACTED BY THE ARKANSAS GENERAL ASSEMBLY DURING THE 1991 REGULAR SESSION.
Pursuant to A.C.A. § 7-9-103, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb